### AUGUSTINE SAVALLA V. THE STATE.

#### No. 4448.　Decided April 25, 1917.

**Assault to Murder—Newly Discovered Evidence—Motion for New Trial—
Attorney and Client.**

　　Where the motion for new trial on the ground of newly discovered evidence
showed a want of diligence in securing said testimony, the same was correctly
overruled; besides, the affidavit supporting the motion was sworn to before the
attorney for the defendant and can not, therefore, be considered.

Appeal from the Criminal District Court of Harris.　Tried below
before the Hon. C. W. Robinson.

Appeal from a conviction of assault with intent to murder; penalty,
two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

*E. B. Hendricks,* Assistant Attorney General, *John H. Crooker, T. J.
Harris, Frank Williford,* and *E. T. Branch,* for the State.—On question
of want of diligence to secure the alleged newly discovered testimony:
Ray v. State, 190 S. W. Rep., 1111.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault
to murder, his punishment being assessed at two years confinement in
the penitentiary.

The statement of facts is not sent up in the record.　Appellant, in
connection with his motion for new trial, filed affidavits alleging not
exactly newly discovered evidence but a sort of equitable showing why
certain facts were not produced before the jury.　He seemed to have
been aware, or could by slight diligence have been aware, of the exist-
ence of these facts, and in fact the attorney who represented him swore
to the statement that he was aware of their evidence at the time of the

trial and even before it. The State controverted the motion for new trial, filing the affidavit of the party whom appellant contends terrorized the witnesses. These witnesses could have been produced easily at the trial and before the jury, and if their testimony was such as they say they would give upon another trial and had the court's attention been called to it, doubtless he would have used the authority confided in him to require the truth to be stated, if it was the truth. Where facts are known, and the witnesses are terrorized, if such is the condition or thought to be the condition, it is the duty of counsel or parties litigant to call this to the attention of the court so the court may use all necessary authority so that a fair trial may be had. The officer against whom these charges were made denies it under oath, and the matter seems to have stopped there. There was no evidence offered so far as the record is concerned, and the court evidently decided the question upon the affidavits attached to the motion for new trial and the controverting affidavit. This is mentioned to show that there is no merit in the contention, even if those matters were considered. As presented, however, the affidavits can not be considered because all of them were sworn to before the attorney for the defendant except that made by the defendant's attorney. Affidavits thus made, under the authorities, can not be considered.

There being no reversible error in the record the judgment is affirmed.

*Affirmed.*